IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal No. 3:06-cr-508 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION TO QUASH |
| | ) | SUBPOENAS |
| DANIEL FRONZCAK, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, in the Southern District of Iowa, by and through the United States Attorney for the Southern District of Iowa and his Assistant United States Attorney Clifford R. Cronk III does hereby move to quash subpoenas issued by defendant. As grounds for this motion the undersigned states the following:

**Background Information**

1. The trial of this matter is scheduled to commence May 22, 2006.

2. The defendant has issued and served subpoenas on police agencies that conducted investigations in this case. Specifically, the subpoenas are directed to the Pennsylvania State Police, the Moline (Illinois) Police Department, the Muscatine (Iowa) Police Department, and the Federal Bureau of Investigation and require their appearance and production on May 8, 2006 which is the date of the pre-trial conference.

3. The subpoenas seek the production of investigative reports,

officer's notes, and evidence seized by theses agencies.

4.   Copies of the subpoenas are attached hereto and labeled as exhibits 1, 2, 3, and 4.

**Authorities**

Discovery in a criminal case is generally governed by Rule 16 of the Federal Rules of Criminal Procedure.  Rule 16(a)(1)(E) allows "the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and  . . . material to preparing the defense," items intended to be used by the government in its case-in-chief at trial, or items obtained from or belonging to the defendant.  Rule 16(a)(1)(F) provides for the inspection and copying of any physical or mental examination and of any scientific test or experiment if the item is within the government's possession, custody, or control, the attorney for the government knows--or through due diligence could know--that the item exists and the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.  Rule 16(a)(1)(G) requires the government give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

Rule 16 also limits discovery.  Rule 16(a)(2) provides that Rule 16 is not

intended "to authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government **or other government agent in connection with investigating or prosecuting the case**, nor does it authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Title 18, United States Code, Section 3500(a) provides:

In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) **shall be the subject of subpoena**, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

In *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951), the Supreme Court identified the scope of material that is subject to subpoena under Rule 17. The Court stated that the rule was not intended to provide a means of discovery in addition to that provided by Fed.R.Crim.P. 16. *Id.* at 220. However, it held that "any document or other materials, admissible as evidence" is subject to subpoena under the rule. *Id.* at 221. Every subpoena must be a "good faith effort ... to obtain evidence," and the district court may ensure that Rule 17(c) is used only to that end through the court's power to quash or modify subpoenas. *Id.* at 219-20. Thus, Rule 17(c) is designed as an aid for obtaining relevant evidentiary material that the moving party may use at trial. See, e.g., *United States v. Malizia*, 154 F.Supp. 511, 513 (S.D.N.Y.1957). The test for enforcement is whether the subpoena constitutes a good faith effort to

obtain identified evidence rather than a general "fishing expedition" that attempts to use the rule as a discovery device. *See Bowman Dairy Co. v. United States, supra*, 341 U.S. at 220-21; *United States v. Liddy*, 354 F.Supp. 208 (D.D.C.1972); *United States v. Wortman*, 26 F.R.D. 183 (E.D.Ill.1960). Whether to quash or modify a Rule 17 subpoena is a decision committed to the district court's discretion. *See United States v. Nixon*, 418 U.S. 683, 702 (1974)

Here, the United States has received investigative reports and evidence from the FBI, the Muscatine Police Department, the Moline Police Department and the Pennsylvania State Police in connection with this case. Although these reports are available to the defendant for review upon request, they are covered by the Jencks Act, 18 U. S. C. § 3500, and are not discoverable by subpoena.

The physical evidence is covered by Rule 16 and therefore is available for inspection not for production to be turned over to the defendant. Accordingly the subpoenas issued by defendant should be quashed.

WHEREFORE, the United States respectfully requests that this court quash the subpoenas forthwith and thereby excuse the appearance of representatives of the law enforcement agencies and the production of materials.

Respectfully Submitted,

Matthew G. Whitaker
United States Attorney

By: /s/ Clifford R. Cronk III
Clifford R. Cronk III
Assistant U. S. Attorney
131 East 4th Street, Suite 310
Davenport, IA  52801
Telephone: (563) 884-7700
Facsimile:  (563) 884-7701
Email: cliff.cronk@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all counsel of record and *pro se* parties at their respective addresses as reflected in the pleadings by regular United States mail postage prepaid on the 1st day of May 2006.

    Jack A. Schwartz
    1800 3rd Avenue
    Suite 211
    Rock Island, IL 61201

    /s/ Clifford R. Cronk III
    United States Attorney's Office