IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 3:06-cr-00508 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | PLEA AGREEMENT |
| DANIEL FRONCZAK, ) | |
| ) | |
| Defendant. ) | |

IT IS HEREBY AGREED by and between the plaintiff, the United States of America, and the defendant, DANIEL FRONCZAK, with his attorney, Mr. Jack Schwartz, as follows:

*A. CHARGES*

1. *Subject Offenses.* Defendant will plead guilty to Count 4 of the Superseding Indictment which charges a violation of Title 18, United States Code, Section 2251(a), that is, Attempted Production of Child Pornography. 2. *Charges Being Dismissed.* At the time of sentencing, the government will move to dismiss the remaining counts of the Indictment.

3. *No Further Prosecution.* The United States of America agrees that the defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. However, this agreement does not apply to (1) any crimes of violence, (2) any criminal act not fully

known to law enforcement prior to the guilty plea proceeding, and (3) any offense committed after the date of this agreement.

## B. CONSEQUENCES OF PLEA

4. *Maximum Punishment.* The subject offense in Count 4 is punishable by a maximum term of imprisonment of thirty (30) years, a maximum fine of not more than $250,000.00, or both. A special assessment of $100.00, and a term of supervised release of up to 5 years must be imposed by the sentencing court for each count.

5. *Mandatory Minimum Sentence.* Count 4 is punishable by a minimum term of imprisonment of not less than fifteen (15) years.

6. *Mandatory Detention.* The defendant understands and agrees that pursuant to Title 18, United States Code, Section 3143(a)(2) he will remain in the custody of the United States Marshals Service following the completion of the entry of his guilty plea to await the imposition of sentence.

7. *Abandonment and Forfeiture of Property.* The defendant voluntarily relinquishes all property rights in, and agrees to forfeit to the United States, all used and intended to be used in the commission of the charges brought in this case. The defendant waives any and all rights to the subject property and stipulates and agrees to the forfeiture and/or abandonment of the property. The forfeited property includes:

> a. *Visual depictions.* Any and all visual depictions seized in connection with this case including any film, videotape, or other matter which contains a visual depiction of a person under the age of eighteen engaged in sexually explicit conduct; and

> b. *Property used or intended to be used to commit violations.* The camera

equipment identified in reports prepared by the police and employees of the Federal Bureau of Investigation, and a home computer with all components, which were used and intended to be used to produce the visual depictions and to entice a minor to engage in sexually explicit conduct.

## C. *SENTENCING CONSIDERATIONS*

8.  *Sentencing Guidelines - Factors.* The sentence imposed will be based upon a consideration of the United States Sentencing Commission Guidelines and the statutes that apply to this offense and federal criminal cases in general. Although the provisions of the Sentencing Guidelines are not mandatory, they are advisory, and the parties understand that the district court will consider them, along with the factors set forth in Title 18, United States Code, Section 3553(a), in determining the final sentence. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

   a.  *the base offense level involved in the offenses,* the parties agree that the guideline manual that applies in this case is the manual effective on November 1, 2005 and that U.S.S.G. §2G2.1 applies which provides a **base offense level of 32**;

   b.  *age of the victim,* the parties agree that offense of conviction involved the attempted production of images of a minor female, under the age of sixteen (16), resulting in an **increase of 2 offense levels** pursuant to U.S.S.G. §2G2.1(b)(1)(B);

   c.  *commission of a sexual act,* the defendant admits that engaged in sexual contact with the victim who was a thirteen-year-old girl at the time, such conduct resulting in an **increase of 2 offense levels** pursuant to U.S.S.G. §2G2.1(b)(2)(A);

   d.  *use of a computer,* the defendant admits that used a computer to persuade, induce, and entice the minor victim to travel and to solicit participation with the minor in sexually explicit conduct,

- 3 -

such conduct resulting in an **increase of 2 offense levels** pursuant to U.S.S.G. §2G2.1(b)(6)(B)(i) & (ii);

    e.    *the defendant's criminal history* (prior convictions);

    f.    *acceptance or lack of acceptance of responsibility.*

9.    *Evidence at Sentencing.* The defendant, the defendant's attorney, and the plaintiff's attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are free to provide all relevant information to the U. S. Probation Office for use in preparing a presentence report.

10.    *Fines/Costs.* Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

11.    *Special Assessment.* The defendant agrees to pay to the United States, through the district court clerk's office, a special assessment of $100.00 per count of conviction, as required by Title 18, United States Code, § 3013. The defendant agrees to make such payment by the time of sentencing.

### D. WAIVER OF APPEAL, § 2255 RIGHTS AND RULE 410 RIGHTS

12. *Limited Waiver of Right to Appeal*    . The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction

- 4 -

and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant hereby knowingly and expressly waives any and all rights to appeal the convictions in this case, including a waiver of all motions, defenses and objections which he could assert to the charges or to the Court's entry of Judgement against him, and any and all issues inhering therein, including review pursuant to Title 18, United States Code, Section 3742, of any sentence imposed, except for the following:

> a. The right to timely challenge the defendant's conviction and sentence should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the substantive basis of the defendant's plea of guilty and resulting conviction fails to state a crime upon which the defendant could be convicted.
>
> b. Any issue solely involving a matter of law brought to the District Court's attention at the time of sentencing concerning which the Court agrees further review is needed.

13. *Limited Waiver of Post-Conviction Review.* The defendant further knowingly and expressly waives any and all rights to contest his conviction of the subject charges, and sentence, in any post-conviction proceedings, including a proceeding under Title 28 U.S.C. § 2255, subject to the exceptions set forth in the preceding paragraph and the following:

> a. The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim are not known to the defendant, or not reasonably knowable by the defendant, at the time the defendant enters a plea pursuant to this plea agreement.

14. *Effect of Filing an Appeal.* It is a material breach of the plea agreement to

- 5 -

file a petition for post-conviction review of the sentence or conviction or to file any notice of appeal or other collateral attack to contest the conviction or sentence in this case for any reason other than for the exception set forth in paragraph #12 above.

15. *Waiver of Rule 410 rights.* The defendant waives his rights under Rule 410 of the Federal Rules of Evidence. Therefore, when the defendant executes the plea agreement and the stipulation of facts he understands that his admissions to the court at the time of his plea or at any other time, and his statements to the Government herein, and thereafter, are admissible against him. Therefore, should the defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside his conviction, his admissions may be used against him in the Government's case-in-chief or otherwise, during the prosecution of this case or any future prosecution.

## *E. GENERAL MATTERS*

16. *Voluntariness of Plea.* The defendant acknowledges voluntarily entering into this plea agreement, and the defendant is pleading guilty because he is guilty. The defendant further acknowledges entering into this agreement without reliance upon any discussions between the United States and himself (other than those described in this plea agreement), without promise of benefit of any kind (other than any concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges understanding the nature of the offenses to which he is pleading guilty, including the penalties provided by law.

17. *Waiver of Rights.* In connection with the defendant's plea of guilty

pursuant to this agreement, the defendant acknowledges that he has been informed of, and understands, the following:

    a.    the right of the United States, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

    b.    the right to plead not guilty, and to persist in that plea;

    c.    the right to a jury trial;

    d.    the right to be represented by counsel – and if necessary to have the court appoint counsel – at trial and at every other stage of the proceeding;

    e.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f.    the defendant will have waived these trial rights upon the District Court's acceptance of the defendant's plea of guilty.

18.   *Limited Scope of Agreement.* This agreement does not limit, in any way, the right or ability of the government to investigate or prosecute the defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the government from pursuing any civil or administrative matters against the defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

19.   *Entire Agreement.* This plea agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the Defendant by the United States or by its agents. Any changes to the plea agreement must be in writing and signed by the parties.

20. *Factual Stipulations.* Attached hereto as Attachment "A," and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the defendant's offense conduct relating to each subject offense.

21. *Venue.* Defendant agrees that the offense conduct relating to the subject offenses was committed, in whole or in part, in the Southern District of Iowa, and that the U. S. District Court, Southern District of Iowa, has proper venue of this agreement.

22. *Public Interest.* The Plaintiff and Defendant state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

23. *Use of the Iowa Cable Network.* The defendant and the defendant's attorney agree that the Iowa Cable Network may be used for any hearing subsequent to the signing of this plea agreement, including the plea proceeding and sentencing.

24. *Execution/Effective Date.* This agreement does not become valid and binding until the Plea Agreement, the Attachment A (Stipulation of Facts), and a Statement by Defendant in Advance of Plea of Guilty are executed by each of the parties and their counsel shown below, and the original documents or copies are received at the United States Attorney's Office, 131 East 4th Street, Davenport, Iowa 52801, (563) 884-7701(fax). The United States Attorney's Office may withdraw this plea agreement offer at any time prior to its acceptance and execution and receipt of the documents at

the United States Attorney's Office.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

11-29-06
Date

*[signature]*
Daniel Fronczak
Defendant

11/29/06
Date

*[signature]*
Mr. Jack Schwartz
Attorney for Defendant
1800 3rd Avenue
Safety Building, Suite 212
Rock Island, IL 61204
Tel: (309) 793-4357
Fax: (309) 793-9026

United States of America

Matthew G. Whitaker
United States Attorney

11/29/06
Date

By: *[signature]*
Clifford R. Cronk III
Assistant United States Attorney
United States Court House
131 East 4th Street, Suite 310
Davenport, IA 61201
Tel: (563) 884-7700
Fax: (563) 884-7701
Email: cliff.cronk@usdoj.gov

# ATTACHMENT A
## STIPULATION OF FACTS

The undersigned Assistant United States Attorney for and on behalf of the United States of America, plaintiff in the above-captioned matter, Defendant Daniel Fronczak and Defendant's attorney, Jack Schwartz, hereby stipulate and agree that the following facts are true and correct and may be used by the Court to establish a factual basis for the plea of guilty to be entered by defendant pursuant to the plea agreement, and for purposes of sentencing:

1. On December 28, 2005, the parents of the victim called the Muscatine Police to report that their thirteen-year-old daughter was missing. They described that their daughter had sought permission to stay with a friend. The mother agreed. The following day, the girl called her mother again and asked if she could stay another night. The victim's mother approved but then later called the friend's house and learned that the victim had not been staying with her. Numerous attempts to contact the victim on her cellular phone were unsuccessful. This prompted the call to the police. An investigation by the police ensued.

2. The police examined the victim's computer and found emails from Daniel Fronczak - dflah8@hotmail.com. These emails included an itinerary showing Fronczak had planned to travel to Moline, Illinois from Harrisburg, Pennsylvania on December 27, 2005. The police found that Daniel Fronczak had arrived in Moline and had rented a car from Enterprise leasing. They got the license plate number for the car. In the meantime, the victim heard messages left for her by her parents on the cellular telephone and she learned that the police were involved. She informed Fronczak. Fronczak and the victim decided to leave the motel and take the victim back to Iowa. Fronczak dropped the victim off at a McDonalds restaurant in Bettendorf, Iowa. The victim called her mother and reported that she was stranded at the McDonalds. The mother and father traveled there, picked her up and took her to the hospital where a rape investigation (collecting evidence of sexual contact) was conducted.

3. Detective Tomas Tovar and Captain Mike Scott of the Muscatine Police Department drove to the hospital in Davenport and interviewed the victim. She described her relationship with Fronczak and her activities. She admitted that she met Fronczak over the Internet. They had agreed that he would travel to Muscatine to meet her. He asked her if it was alright with her if he brought his video camera and she agreed. Fronczak then traveled to Muscatine and picked her up the previous day and took her to a motel in Moline, Illinois that was near the airport. When they got to his room, Fronczak undressed her and began to videotape her while she was nude. The following morning, because of sexual advances made by Fronczak, she did have consensual vaginal sex with Fronczak. According to Fronczak, the sexual encounter was not successfully completed because after he penetrated her with his penis he

determined that she was not comfortable so he stopped.

4. The Muscatine police then went to Moline to try to find Fronczak. The were assisted by Moline officers. They located Fronczak's leased vehicle at the LaQuinta motel and ascertained that he was still checked-in. They went to the room and knocked on the door. Fronczak answered. The officers asked if Fronczak was willing to speak with them. He agreed and invited them into the room. They advised him of his *Miranda* rights which he waived. During questioning he admitted that he had sexual relations with the victim and that he knew she was under-aged (~~fourteen years old~~ OF). He stated that he used a condom (which the police recovered from the room). He admitted on-line chatting with the victim via his personal computer in his residence in Pennsylvania. He admitted that he had been chatting on-line with others since 2001 and had traveled several times to meet women that he had met on-line. One was a 16 or 17 year-old that he believed lived in Baltimore, Maryland.

5. Fronczak consented to a search of his motel room and signed a form accordingly. The condom was seized and so was a video camera and two video tapes. One of the tapes was badly damaged and unreadable; the other was of no evidentiary value. Fronczak destroyed the videotape of the victim because he was afraid he would get caught with it. Fronczak knew that it was illegal to produce images of minors engaged in sexually explicit conduct and he believed the videotape he made of the victim contained such images.

6. The Pennsylvania State Police were contacted. They applied for and obtained a search warrant for Fronczak's computers. Three computers were seized and searched. One of the computers was in Fronczak's bedroom. An examination of Fronczak's computer resulted in the discovery of chats between Fronczak and the victim including sexual overtures to her. In Fronczak's room, the police found written correspondence received from other young girls including a picture of a girl from Wisconsin who is obviously under-aged.

7. In the "Temporary Internet Files" the Pennsylvania State Police found images of Fronczak and a picture of the victim (clothed).

8. The defendant hereby certifies that the facts set forth above are true and accurate to the best of his knowledge.

11/29/06
Date

x Dal Fry
Daniel Fronczak
Defendant

11/29/06
Date

*(signature)*
Jack Schwartz
Attorney for Defendant

11/29/06
Date

*(signature)*
Clifford R. Cronk III
Assistant U.S. Attorney