1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

RECEIVED AUG 21 2007 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT IOWA

ORIGINAL

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
          -vs-                  )   CRIMINAL NO. 3:06-cr-0508
                                )
DANIEL FRONCZAK JR.,            )   TRANSCRIPT OF
                                )     PROCEEDINGS
          Defendant.            )
                                )

     TRANSCRIPT OF PROCEEDINGS, held before the Honorable John

A. Jarvey, at the Federal Courthouse, Davenport, Iowa,

commencing at 11:03 a.m., July 3, 2007, reported by Linda

Faurote-Egbers, Certified Shorthand Reporter and Notary Public

for the State of Iowa.


                         APPEARANCES

Plaintiff by:               CLIFFORD R. CRONK III
                            Assistant United States
                            Attorney
                            131 East Fourth Street
                            Davenport, IA  52801


Defendant by:               JACK A. SCHWARTZ
                            Attorney at Law
                            1800 Third Avenue
                            Suite 211
                            Rock Island, IL  61201


Reported by:
Linda Faurote-Egbers
Certified Shorthand Reporter

1          THE COURT:  Please be seated.

2          MR. CRONK:  Good morning, Your Honor.

3          THE COURT:  We are here in the matter of the United

4    States of America versus Daniel Fronczak, it is Case No. 06-508.

5    The defendant is before the Court based on his November 29,

6    2006, plea of guilty to Count 4 of the superseding Indictment

7    that was filed July 11, 2006.  He is present and represented by

8    Jack Schwartz and the government is represented by Cliff Cronk.

9          Mr. Cronk, are you aware of any reason why sentence

10   cannot be imposed at this time?

11         MR. CRONK:  Your Honor, I have raised this before.  It

12   is the ten-day rule on the disclosure of the final draft of the

13   Presentence Report and the statute requires that ten-day period,

14   I don't believe there's been ten days since the final draft, so

15   the defendant would necessarily have to waive that rule in order

16   to proceed legally today.  I don't think there's any prejudice

17   if we proceed without his consent, but I don't -- I don't know

18   of any reason why he wouldn't, but I just wanted to put the

19   Court on notice of that.

20         THE COURT:  Mr. Schwartz, do you want to take a minute

21   and visit with Mr. Fronczak about that?

22         MR. SCHWARTZ:  Judge, I think my client has one

23   comment to make about --

24         (An off-the-record discussion was held.)

25         MR. SCHWARTZ:  Judge, I have spoken with Mr. Fronczak.

1  Mr. Fronczak is prepared to waive.  He does have one comment

2  about page four, Paragraph 6.

3          THE DEFENDANT:  It says here she says 15 years old.

4  She said she was 16 years old at that time.

5          MR. SCHWARTZ:  I believe he wants to tell you that she

6  told him she was 16 years old at the time?

7          THE DEFENDANT:  Yes.

8          MR. SCHWARTZ:  Other than that we have no additions or

9  corrections.  We are prepared to proceed with sentencing today,

10  Judge.

11          THE COURT:  Mr. Fronczak, you understand that you are

12  entitled to have the sentencing set after ten days after

13  disclosure of the final Presentence Report?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Do you wish to proceed to sentencing

16  today?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Mr. Cronk, are you aware of factual

19  inaccuracies in the Presentence Report?

20          MR. CRONK:  None.

21          THE COURT:  Mr. Schwartz, other than the one

22  identified by your client, are you aware of any factual

23  inaccuracies in the report?

24          MR. SCHWARTZ:  There are none, Judge.  We are prepared

25  to proceed.

1     THE COURT:  I found one in Paragraph 22 and it is

2  obviously a typographical error, but I want to direct the

3  probation office to amend it.  It says that the consent to the

4  search of the motel room was on February 21, 2006.  That doesn't

5  even make sense.  It was December 28, 2006.

6     MR. CRONK:  Right.

7     THE COURT:  Do you agree to that, Mr. Schwartz?

8     MR. SCHWARTZ:  Yes, Judge.

9     THE COURT:  Mr. Fronczak, do you agree that is

10  correct?

11     THE DEFENDANT:  Yes.

12     THE COURT:  Mr. Cronk?

13     MR. CRONK:  Yes.

14     THE COURT:  I accept the Presentence Report as

15  factually accurate for all matters not in dispute.  I have

16  received the Presentence Report, I have reviewed every word of

17  it.  I have received a number of letters in support of Mr.

18  Fronczak.  I have also received the defendant's June 27, 2007,

19  Motion for a downward departure.

20     I would note that based on my review of the

21  Presentence Report I now accept the Plea Agreement and agree to

22  be bound by that Plea Agreement.  The count to which the

23  defendant pled guilty adequately reflects the seriousness of the

24  offense behavior.  That Plea Agreement is in the public interest

25  and in the interest of justice.  It is accepted.

Mr. Schwartz, the Presentence Report scores Mr. Fronczak as a total offense level of 40 with a criminal history Category I. Do you dispute either of those calculations?

MR. SCHWARTZ: We -- the only objection, Judge, we would note is whether there is an acceptance. You have read the comments from Mr. Cronk and from probation about the acceptance of responsibility reduction. That's the only other comment we would have. Of course we are asking for a variance and an -- and/or departure.

THE COURT: We will get to that after the offense conduct is -- has been established. You are the proponent of that request for acceptance of responsibility. Do you have argument you would like to make in that regard?

MR. SCHWARTZ: Judge, my client pled to the charge, we accepted full responsibility for his actions. He has stood before Judge Gritzner when he pled guilty and accepted responsibility. I guess he's admitted his conduct. He does not really contest any other issues.

He has admitted that he met the girl online then flew here to the Quad Cities, actually flew to Moline and then met the girl in Muscatine, brought the girl back from Muscatine to the hotel in Davenport, admitted that he destroyed the film.

There has been no -- I don't know what else he could do to accept responsibility, Judge. I mean, we haven't contested any of the facts that the U.S. Attorney brought out.

1   He's complied with all requests from the Court and from the U.S.

2   Attorney's Office.  I don't know what else warrants that kind of

3   -- that reduction.

4         THE COURT:  Mr. Fronczak, look at Paragraph 23 of the

5   Presentence Report.  If you would pull that microphone down so

6   it is a little closer to your mouth.

7         THE DEFENDANT:  Yes, Your Honor.

8         THE COURT:  Look at the second sentence there.  Why

9   would you say that?

10         THE DEFENDANT:  Well, it was the truth.  I accept

11   responsibility for it.  I'm not proud of it, but that's the

12   truth.

13         THE COURT:  Why should that be important to me?

14         THE DEFENDANT:  Show that I'm willing to accept

15   responsibility for --

16         THE COURT:  The second sentence.  Why does that show

17   that you are accepting responsibility for anything?

18         THE DEFENDANT:  I'm not sure, Your Honor.

19         THE COURT:  What were you thinking when you said that?

20   Were you thinking that you are not such a bad guy or what?  Just

21   be honest with me, I just want to hear it.

22         THE DEFENDANT:  No, I was telling the truth.  I was

23   telling -- wanted to get it off my chest so it was out there.

24   It was the truth.  I can't put it more plainly.  That's why I

25   wanted to just get it out and that's what it was.

1      THE COURT:  Okay.  Mr. Cronk, do you have argument you

2   would like to make?

3      MR. CRONK:  Only briefly, Your Honor.  I don't think

4   this is an extraordinary case and I note in Paragraph 24A the

5   probation office indicated the defendant attempted to recant

6   statements he made.  I am not sure why, but this information and

7   the fact that the defendant destroyed the evidence I think

8   suggests that the Court could deny acceptance of responsibility.

9      THE COURT:  I can envision a circumstance where the

10  obstruction happens before the prosecution is commenced, the

11  defendant gets a lawyer, shows genuine remorse and gets

12  acceptance of responsibility so, you know, I know that comment

13  says it has to be extraordinary.  That to me would be not

14  uncommon experience to have and I would still think that they

15  would be entitled to it under those circumstances.

16      MR. CRONK:  Your Honor, the way this happened though,

17  just so you understand, the defendant was originally charged

18  with a sexual assault on the victim based on her statements and

19  there were no charges in connection with the videotape until

20  sometime later.  The defendant never explained what -- that he

21  had videotaped anything until after he was indicted.

22      I can tell you that what went through my mind in

23  pursuing this case was I didn't have any evidence of production

24  of child pornography other than the victim saying that once she

25  got in the room, he had her take off her clothes and he

1 videotaped her while he talked to her.  There was no statement

2 about having committed the sexual act at that time and of course

3 there was a denial that -- of any videotaping of sexual

4 intercourse; but when I saw the videotape and I asked the FBI to

5 please do what they can to please get something off this tape

6 because I was certain that after looking at it that there had to

7 be criminal behavior recorded on that tape, they told me that it

8 was so shredded and mangled and torn and cut and stretched that

9 they couldn't get anything off of it and it was at that point I

10 realized it had to have some very incriminating information on

11 it and that resulted in the charges.

12          The evidence is that Miss -- the victim in this case

13 was contacted by the police on the evening after she spent the

14 night with the defendant and the captain of the police

15 department who spoke with her on the cell phone overheard her

16 talking to Mr. Fronczak.  It is clear that after that he

17 shredded the videotape.  I am most concerned not with the fact

18 that he has shredded the tape as much as I am concerned about

19 these comments and his recantation of his statements made to the

20 probation office which I don't understand.

21          THE COURT:  Thank you.  Mr. Schwartz, do you have

22 anything else you want to add to that?

23          MR. SCHWARTZ:  Judge, when Mr. Fronczak was originally

24 charged it was just with sexual assault and we were told that

25 the existence of the tape, the tape was destroyed.  Later on the

1  government tried to get whatever was on the video, it was

2  quickly obvious that they would not be able to produce any

3  images from that tape.

4  My client admitted that he videotaped himself and the

5  victim having sexual -- an act of sexual nature; however, I

6  think it is clear from the PSI and from the investigation that

7  the victim has admitted that the sexual act was consensual.  My

8  client never denied -- well, when the charges were amended and

9  the charges were enhanced with the existence of the tape, we

10  went ahead and said what was on the tape.  We have never denied

11  what was on the tape.  At each step of the investigation as it

12  proceeded we admitted the acts that occurred.  My client never

13  -- never intended to impede the investigation and he cooperated

14  with the questions that were put to him by the state.  That's

15  all I have, Judge.

16  THE COURT:  The Application Note to the acceptance of

17  responsibility Guideline says that ordinarily when the

18  obstruction enhancement is applied, acceptance should be denied,

19  except in extraordinary circumstances that together with the

20  nature of the obstruction, the recanting of statements that he

21  clearly made to the probation officer, and the second sentence

22  of Paragraph 22 of the Presentence Report, I deny the points off

23  for acceptance of responsibility.  I am sorry.  It was the

24  second paragraph -- second sentence of Paragraph 23.

25  He has an offense level of 40, criminal history

1  Category I which ordinarily yields a Guideline imprisonment
2  range of between 292 to 365 months.  As I said earlier, the
3  defendant filed a Motion for a downward departure on June 27,
4  2007.  Mr. Schwartz, I would hear you on that Motion at this
5  time.

6        MR. SCHWARTZ:  Judge, what we are asking for is based
7  upon the fact that this is a real unique set of circumstances.
8  My client has admitted having committed an act of -- having an
9  act of sexual nature with a 13-year-old girl.  He has admitted
10 that he came in, met her over the Internet, that he flew to meet
11 her in the Quad Cities and picked her up in Muscatine and
12 brought her back to a hotel in Illinois, transporting her across
13 state lines.

14       I guess the reason that we ask for the extraordinary
15 remedies that we are asking for in terms of sentencing is lack
16 of a criminal -- lack of a criminal history.  The fact that his
17 age, he has a child, we have submitted numerous letters on his
18 behalf from relatives and family, the fact that the victim has
19 indicated it was an act of a consensual nature, the fact that
20 there is nothing in the PSI that suggests that the girl suffered
21 any -- I will accept the premise that she suffered some sort of
22 emotional injuries, but there have been no evidence put forth by
23 the government that she underwent any counseling of any kind for
24 any emotional harm that she may have suffered.

25       It would be our contention that this was a mistake, a

1  serious mistake by my client, that it was -- it is his sincere

2  belief that it will never occur again and that we are asking the

3  Court to sentence him at the bottom end of the Guideline which

4  the minimum for the charge which is the 15-year sentence.

5          I have a lot of problem with this one because the

6  Sentencing Guidelines -- the initial PSI came back that he was

7  looking at life so before all the reductions that we were able

8  to work out, there has been no -- there's been no physical

9  injury.  I mean, this is not a case where somebody died, it is

10  not a case where somebody can't be helped to recover from any

11  psychological impact that may have occurred because of the act

12  that my client performed.

13          But like I said, Judge, he has -- his record is -- he

14  has a minimal criminal record, if any at all, and we are asking

15  the Court to consider sentencing at the bottom end of the

16  Guideline which is the 15-year sentence.  Thank you.

17          THE COURT:  Mr. Cronk, just on the issue of the

18  request for a downward departure.

19          MR. CRONK:  I've read the defendant's request, Your

20  Honor, and I have heard counsel.  Sexual intercourse in this

21  case was completed.  I think what he is meaning is that he

22  apparently may not have ejaculated.

23          He claims that the victim was not physically injured,

24  but my recollections of the reports were that he said after he

25  started to engage in sexual intercourse with the victim it was

1  clear that she wanted him to stop and so he says that he did.

2  This, of course, contradicts his statement in the Presentence

3  Report that she liked it.

4      I see no relevance to the fact that he has an

5  11-year-old daughter or that he's a young man.  If he was an

6  older man his Guideline sentence would be the same and he would

7  simply be looking at the same period of time in prison.  I don't

8  see how age has any bearing on this except for the fact that his

9  crime-producing years are going to be eliminated by a lengthy

10  sentence in this case.

11      In my experience there is no known successful

12  rehabilitation to child molesters.  I know of no instance where

13  someone after seeking or preferring preteen girls or young

14  teen-age girls somehow change their proclivities after serving a

15  lengthy prison sentence.

16      I think the Guidelines adequately take into account

17  these things and that to depart downward is not supported by the

18  grounds asserted by the defendant.  That's all, Your Honor.

19      THE COURT:  There, of course, is a downward departure

20  available where the criminal history overrepresents the

21  seriousness of his prior conduct, but that is not available for

22  someone who simply has no criminal convictions.  His age is not

23  grounds for a downward departure nor is any discussion of

24  relative harm to the victim.

25      I find that the departure is not authorized under the

law pursuant to these facts. If it were authorized I would
decline to exercise my discretion to depart.

I would hear from you, Mr. Schwartz, and then from Mr.
Fronczak and then from Mr. Cronk and then from victim's
representative as to the sentence to be imposed. Mr. Schwartz?

MR. SCHWARTZ: Judge, I have already spoken partially
with regard to the request for the downward departure. The only
thing that add -- the only thing that we would add is the Court
consider the letters from the family of my client asking for
some consideration. They are all from the Pennsylvania area and
could not be here. We ask the Court to consider those in
setting a final sentence. All right.

THE COURT: I have considered them. Mr. Fronczak, is
there something you'd like to say in your own behalf before the
Court imposes sentence?

THE DEFENDANT: Yes, Your Honor. I'd like to
apologize to the Court and to the families, my family, Kelsey's
for all going through all this. I accept responsibility for the
first page and the last page of the PSI. I know I'll never do
it again and I would like the minimum sentence. If I would have
known how old she was I would never have come out.

THE COURT: Why? Because you think it was okay if she
was 15 or 16?

THE DEFENDANT: Well, if she was 16 like she said,
then it's not -- not that I'd have sex with her then either,

1 either/or. I guess that's all I have to say, Your Honor.

2       THE COURT: Mr. Cronk?

3       MR. CRONK: In the defendant's Stipulation of Facts he

4 admits that he knew the victim was underaged, that is 14 years

5 old. The defendant engaged in a highly manipulative conduct to

6 lure a young girl from her home, he drove -- if you read the

7 progress that he made with her over these Internet chats he

8 quickly moved from harmless chatting to -- I'm sorry, I have to

9 call it evil intentions.

10       He played upon her need for attention, he played upon

11 her curiosity, he rewarded her with compliments, and he induced

12 her to spend time with him. He then engaged in a very

13 calculated plan to travel from Pennsylvania to Moline to rent a

14 car to drive to Muscatine to meet her to drive her back and

15 immediately upon entering the motel room where he had rented a

16 room had her strip naked and he began to videotape her while he

17 chatted with her.

18       They spent the night together without her parents

19 knowing that she was even with him and when they realized she

20 was gone you can only imagine the terror that they felt knowing

21 their 14-year-old daughter was somewhere, not in Muscatine, and

22 not where she said she would be. And there's no reference here

23 in this report to Mr. Fronczak having any concern about the

24 impact he's had on their family. In fact, his reference here is

25 that she liked what he was doing. Either he has no appreciation

1  for the profound impact he's had on this girl and her family or

2  he simply doesn't care. I don't know what's more dangerous.

3       When you read the Presentence Report you see that he's

4  had significant adult relationships with other women, he was

5  romantically involved with his high school sweetheart, and they

6  had a child. He was involved with a girlfriend who was 23 or 24

7  years old for several months. And yet he chose to prey upon a

8  14-year-old girl in Iowa.

9       I think the Court has to be concerned about Mr.

10 Fronczak's criminal conduct and the likelihood that it will

11 continue in the future in spite of the fact that he's promised

12 the Court that it won't happen again. The Court also has to be

13 concerned about anyone else who chooses to lure young girls over

14 the Internet to engage in sexual relations with them like he

15 did. That's all, Your Honor.

16      THE COURT: Is there a representative of the victim's

17 family?

18      MS. SUE LODMELL: Where would you like me to be, Your

19 Honor?

20      THE COURT: The podium would be a good spot and then

21 identify yourself for the record.

22      MS. SUE LODMELL: This is Sue Lodmell, I'm the Victim

23 Witness Specialist for the U.S. Attorney's Office. Lucy Bloom

24 is the mother of the victim in this case and she is present and

25 would like for me to read her Victim Impact Statement.

1    THE COURT:  Go ahead.

2    MS. SUE LODMELL:  She has marked several feelings that

3    she's had as reactions to this crime that her daughter

4    experienced, anger, guilt, anxiety, depression, grief, fear,

5    numbness, sad, scared, confused, trouble concentrating, lost

6    job, uncontrolled crying, want to be alone, family not as close,

7    fear the defendant will return, and family stress.

8    "What would you like the judge to know about you and

9    the impact of the crime?"  She writes, "I was very trusting

10   before all of this.  Now I worry a lot about how she is doing.

11   My mind goes fast when I think of all of this.  I feel many,

12   many different feelings.  It has changed our family.  Kelsey was

13   always -- will always wonder why he chose her and how this could

14   have happened.  There is something wrong with a man who likes to

15   have sex with little girls.  I'm sure he'll go right back to it

16   when he gets out."

17   THE COURT:  Thank you.  Pursuant to the provisions of

18   Title 18, United States Code, Section 3553, in determining the

19   sentence that is appropriate in this case I have considered the

20   nature and circumstances of this offense, and I have considered

21   the history and characteristics of this defendant.  I have

22   considered the seriousness of this offense and it is horrifying.

23   Any claim that this was consensual is lunacy.  It was a

24   sophisticated attempt to lure her away.

25   I have considered the question of just punishment and

1  everybody knows the question of just punishment means a big

2  sentence in these cases.  If the sentence of imprisonment can do

3  anything to deter this kind of conduct, it's got to be big.

4      The Court has also considered the need to protect the

5  public from further crimes from this defendant.  I think our

6  reading of this Presentence Report shows that if the sentence is

7  not large that this can happen again.

8      I have considered the sentencing options that are

9  available in keeping with the correctional treatment of the

10  defendant.  A lot has been written about whether people with

11  this problem can be cured and I am not persuaded that people

12  with this problem can be.

13      I have considered the kind of sentence and the

14  advisory sentencing range established by the Sentencing

15  Guidelines.  Though these Guidelines are no longer mandatory,

16  they are based on extensive study and refinement, exhibit the

17  will of Congress, and promote consistency in sentencing.

18  Accordingly this Court looks to the Guidelines as an important

19  though not singularly controlling factor to be considered.  I

20  have strongly considered the need to avoid unwarranted

21  sentencing disparities among defendants with similar records who

22  have been found guilty of similar conduct.

23      I conclude that the Guideline sentencing system

24  adequately addresses the circumstances of this defendant and

25  that the Sentencing Guideline range is reasonable.  Based upon

all the circumstances of this case the Court concludes the
sentence between the middle and the top of the Guidelines is
sufficient to address the essential sentencing considerations.

It is the judgment of the Court that the defendant,
Daniel Fronczak, is hereby sentenced to the custody of the
Bureau of Prisons for a term of 340 months on Count 4 of the
superseding Indictment.

Upon release from imprisonment the defendant shall be
placed on a term of supervised release for five years.  Within
72 hours of release from the custody of the Bureau of Prisons
the defendant shall report in person to the probation office in
the district to which you are released.

While on supervised release you shall not commit
another federal, state, or local crime.  You shall not possess a
firearm or destructive device and shall not possess a controlled
substance.  You shall abide by the standard conditions of
supervised release as set forth by the Sentencing Commission
plus the following special conditions: You shall participate in
a program of testing and treatment for substance abuse.  You
shall not use alcohol or other intoxicants.  You shall not
patronize business establishments where more than 50 percent of
the revenue is derived from the sale of alcohol.

You will submit to a search of your person, residence,
adjacent structures, office, or vehicle conducted by a United
States Probation Officer at a reasonable time and in a

1  reasonable manner based upon reasonable suspicion of contraband
2  or evidence of a violation of the conditions of release.
3  Failure to submit to a search may be grounds for your
4  revocation.  You shall warn any other residents that the
5  residence or vehicle may be subject to searches pursuant to this
6  condition.  This condition may be invoked with or without the
7  assistance of law enforcement, including the Marshal's Service.

8           You shall participate and follow the rules of sex
9  offender treatment as directed by the probation office and shall
10 submit to clinical polygraph testing whenever so directed by the
11 probation office.  You shall contribute to or pay the entire
12 cost of sex offender treatment and/or polygraph testing in an
13 amount to be determined by the probation office based on your
14 ability to pay.

15          You shall sign releases of information to allow all
16 professionals and law enforcement officials involved in the
17 assessment, treatment, and behavioral monitoring to communicate
18 and share documentation with each other.  You shall comply with
19 all sex offender laws in the state in which you reside.  You
20 shall not view any or possess any form of pornography, sexually
21 stimulating or sexually oriented material, including books,
22 videos, magazines, cutouts, or pornography of any kind as deemed
23 inappropriate by the probation office or treatment staff.  You
24 shall not enter any location where pornography or erotica are
25 the primary product for purchase or viewing.  You shall not

enter any location where the primary function is to provide adult entertainment.

You shall obtain residences as approved by the probation office. If you are not released through a community corrections center program while in the custody of the Bureau of Prisons you shall reside, participate, and follow the rules of a community corrections center program as directed by the probation office for up to 120 days.

You shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. You shall submit any records requested by the probation office to verify your compliance with this condition. In order to verify your compliance with the conditions of supervision you shall provide the probation officer access to any financial records, including income tax returns, credit card statements, phone bills, and checking or savings accounts.

You shall refrain from associating with anyone engaged in the exploitation of minors, known or unknown to local or federal law enforcement. You shall not contact the victim nor the victim's family without prior permission from the probation officer and the probation officer will verify compliance.

You shall not have any contact with any child under the age of 18 unless accompanied by a responsible adult who is aware of your conviction and supervision status and who has been approved in advance by the probation office. You will not

possess any type of camera or video recording device without probation officer approval.

You shall not have access to or possess a computer at home or elsewhere without prior written approval of the probation office. You are not to possess or use a computer or any other device with a network card, modem, or any wireless card commonly used to access the Internet or systems attached to the Internet at any location, including employment, without prior approval of the probation office.

If approved to use a computer system by the probation office you shall not use computer systems with a network card, modem, or other wireless card in violation of the conditions of supervision or in a criminal manner.

You shall notify the probation office of any locations where you receive mail or like matter. You may not obtain employment or volunteer where you would be supervising, working with, or associating with persons under the age of 18.

You shall participate in a program of curfew supervision and/or electronic monitoring for the duration of your term of supervision as approved by the Court annually. All is more fully set forth in the Judgment and Commitment Order that will be entered in this matter today or Thursday.

The Court finds that you do not have the ability to pay a fine. You are ordered to pay a $100 special assessment to the Victims Assistance Fund which shall be due and payable

1    immediately without interest to the U.S. Clerk of Court for the
2    Southern District of Iowa.  He is remanded in the custody of the
3    Marshal's Service for delivery to the Bureau of Prisons.

4          You have a right to take an immediate appeal from this
5    Judgment and Commitment.  Any appeal shall be filed within ten
6    days from the entry of the written Judgment which I said will be
7    done either today or at the latest on Thursday.

8          Mr. Cronk, do you have Motions to make with respect to
9    Counts 1, 2, and 3 of the superseding Indictment?

10         MR. CRONK:  Pursuant to the Plea Agreement, Your
11   Honor, we move to dismiss those counts.

12         THE COURT:  1, 2, and 3 are dismissed.  Mr. Schwartz,
13   do you have anything else?

14         MR. SCHWARTZ:  Nothing at this time, Judge.

15         THE COURT:  We are in recess.

16         (Proceedings concluded at 11:44 a.m., July 3, 2007.)

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

I, the undersigned, a Certified Shorthand Reporter of the State of Iowa, do hereby certify that I was called in the capacity of a Certified Shorthand Reporter to report the foregoing proceedings in the above-captioned matter and that same was taken down by me in stenotype and later reduced to Computer-Aided Transcription under my supervision and direction, and that the foregoing Transcript of Proceedings is a true record of the testimony given and all objections interposed and rulings made thereon.

I further certify that I am neither attorney or counsel for, nor related to or employed by any of the parties to the action in which these proceedings were had, and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto or financially interested in the action.

Dated at Davenport, Iowa, this 21st day of August, 2007.

Certified Shorthand Reporter
and Notary Public
Linda Faurote-Egbers
Notarial Seal
Commission Number 223944
My Commission Expires 8-10-08

## $

$100 - 21:24

## 8

8-10-08 - 23:19

## 0

06-508 - 2:4

## 1

1 - 22:9, 22:12
11 - 2:7
11-year-old - 12:5
11:03 - 1:12
11:44 - 22:16
120 - 20:8
13-year-old - 10:9
131 - 1:18
14 - 14:4
14-year-old - 14:21, 15:8
15 - 3:3, 13:23
15-year - 11:4, 11:16
16 - 3:4, 3:6, 13:23, 13:24
18 - 16:18, 20:23, 21:17
1800 - 1:21

## 2

2 - 22:9, 22:12
2006 - 2:6, 2:7, 4:4, 4:5
2007 - 1:12, 4:18, 10:4, 22:16, 23:14
21 - 4:4
211 - 1:22
21st - 23:13
22 - 4:1, 9:22
223944 - 23:18
23 - 6:4, 9:24, 15:6
24 - 15:6
24a - 7:4
27 - 4:18, 10:3
28 - 4:5
29 - 2:5
292 - 10:2

## 3

3 - 1:12, 22:9, 22:12, 22:16
340 - 18:6
3553 - 16:18
365 - 10:2
3:06-cr-0508 - 1:5

## 4

4 - 2:6, 18:6
40 - 5:2, 9:25

## 5

50 - 18:21
52801 - 1:19

## 6

6 - 3:2
61201 - 1:22

## 7

72 - 18:10

## 8

8-10-08 - 23:19

## A

abide - 18:16
ability - 19:14, 21:23
able - 9:2, 11:7
above-captioned - 23:5
abuse - 18:19
accept - 4:14, 4:21, 5:24, 6:10, 6:14, 10:21, 13:18
acceptance - 5:5, 5:6, 5:12, 7:8, 7:12, 9:16, 9:18, 9:23
accepted - 4:25, 5:15, 5:16
accepting - 6:17
access - 20:14, 21:3, 21:7
accompanied - 20:23
Accordingly - 17:18
account - 12:16
accounts - 20:16
accurate - 4:15
act - 8:2, 9:5, 9:7, 10:8, 10:9, 10:19, 11:11
action - 23:10, 23:12
actions - 5:15
acts - 9:12
add - 8:22, 13:8
additions - 3:8
address - 18:3
addresses - 17:24
adequately - 4:23, 12:16, 17:24
adjacent - 18:24
admits - 14:4
admitted - 5:17, 5:19, 5:22, 9:4, 9:7, 9:12, 10:8, 10:9
adult - 15:4, 20:2, 20:9, 20:23
advance - 20:25
advisory - 17:14
age - 10:17, 12:8, 12:14, 12:22, 20:23, 21:17
agree - 4:7, 4:9, 4:21
Agreement - 4:21, 4:22, 4:24, 22:10
ahead - 9:10, 16:1
aided - 23:6
alcohol - 18:20, 18:22
allow - 19:15
alone - 16:6
amend - 4:3
amended - 9:8
America - 1:3, 2:4
amount - 19:13
anger - 16:4
annually - 21:20
anxiety - 16:4
apologize - 13:17
appeal - 22:4, 22:5
Appearances - 1:16
Application - 9:16
applied - 9:18

appreciation - 14:25
appropriate - 16:19
approval - 21:2, 21:4, 21:9
approved - 20:3, 20:25, 21:10, 21:20
area - 13:10
argument - 5:13, 7:1
assault - 7:18, 8:24
asserted - 12:18
assessment - 19:17, 21:24
Assistance - 21:25
assistance - 19:7
Assistant - 1:17
associating - 20:17, 21:17
attached - 21:7
attempt - 16:24
attempted - 7:5
attention - 14:10
Attorney - 1:18, 1:21, 5:25
attorney - 23:9, 23:11
Attorney's - 6:2, 15:23
August - 23:13
authorized - 12:25, 13:1
available - 12:20, 12:21, 17:9
Avenue - 1:21
avoid - 17:20
aware - 2:9, 3:18, 3:22, 20:24

## B

bad - 6:20
Based - 17:25
based - 2:5, 4:20, 7:18, 10:6, 17:16, 19:1, 19:13
bearing - 12:8
began - 14:16
behalf - 10:18, 13:14
behavior - 4:24, 8:7
behavioral - 19:17
belief - 11:2
between - 10:2, 18:2
big - 17:1, 17:3
bills - 20:15
Bloom - 15:23
boards - 20:10
books - 19:21
bottom - 11:3, 11:15
bound - 4:22
briefly - 7:3
brought - 5:21, 5:25, 10:12
bulletin - 20:10
Bureau - 18:6, 18:10, 20:5, 22:3
business - 18:21

## C

calculated - 14:13
calculations - 5:3
camera - 21:1
cannot - 2:10
capacity - 23:5

captain - 8:14
captioned - 23:5
car - 14:14
card - 20:15, 21:6, 21:7, 21:11, 21:12
care - 15:2
Case- 2:4
case - 7:4, 7:23, 8:12, 11:9, 11:10, 11:21, 12:10, 15:24, 16:19, 18:1
cases - 17:2
Category - 5:3, 10:1
cell - 8:15
center - 20:5, 20:7
certain - 8:6
Certified - 1:13, 1:25, 23:4, 23:5, 23:16
certify - 23:4, 23:9
change - 12:14
changed - 16:12
characteristics - 16:21
charge - 5:14, 11:4
charged - 7:17, 8:24
charges - 7:19, 8:11, 9:8, 9:9
chats - 14:7
chatted - 14:17
chatting - 14:8
checking - 20:16
chest- 6:23
child - 7:24, 10:17, 12:12, 15:6, 20:22
chooses - 15:13
chose - 15:7, 16:13
circumstance - 7:9
circumstances - 7:15, 9:19, 10:7, 16:20, 17:24, 18:1
Cities - 5:20, 10:11
claim - 16:23
claims - 11:23
clear - 8:16, 9:6, 12:1
clearly - 9:21
Clerk- 22:1
client - 2:22, 3:22, 15:4, 9:4, 9:8, 9:12, 10:8, 11:1, 11:12, 13:9
Cliff- 2:8
Clifford - 1:17
clinical - 19:10
close - 16:6
closer - 6:6
clothes - 7:25
Code- 16:18
commenced - 7:10
commencing - 1:12
comment - 2:23, 3:1, 5:7, 7:12
comments - 5:6, 8:19
Commission- 18:17, 23:18, 23:19
commit - 18:13
Commitment- 21:21, 22:5
committed - 8:2, 10:8
commonly - 21:7
communicate - 19:17
community - 20:4, 20:7

completed - 11:21
compliance - 20:12, 20:13, 20:21
complied - 6:1
compliments - 14:11
comply - 19:18
Computer - 23:6
computer - 21:3, 21:5, 21:10, 21:11
Computer-aided- 23:6
concentrating - 16:5
concern - 14:23
concerned - 8:17, 8:18, 15:9, 15:13
conclude - 17:23
concluded - 22:16
concludes - 18:1
condition - 19:6, 20:12
conditions - 18:16, 18:18, 19:2, 20:13, 21:12
conduct - 5:11, 5:17, 12:21, 14:5, 15:10, 17:3, 17:22
conducted - 18:24
confused - 16:5
Congress - 17:17
connection - 7:19, 10:19, 16:23
consent - 2:17, 4:3
consider - 11:15, 13:9, 13:11
consideration - 13:10
considerations - 18:3
considered - 13:13, 16:19, 16:20, 16:22, 16:25, 17:4, 17:8, 17:13, 17:19, 17:20
consistency - 17:17
contact - 20:19, 20:22
contacted - 8:13
contention - 10:25
contest - 5:18
contested - 5:25
continue - 15:11
contraband - 19:1
contradicts - 12:2
contribute - 19:11
controlled - 18:15
controlling - 17:19
conviction - 20:24
convictions - 12:22
cooperated - 9:13
correct - 4:10
correctional - 17:9
corrections - 3:9, 20:5, 20:7
cost - 19:12
counsel - 11:20, 23:10, 23:11
counseling - 10:23
Count- 2:6, 18:6
count - 4:22
Counts - 22:9
counts - 22:11
course - 5:8, 8:2, 12:2, 12:19
Court- 1:1, 2:1, 2:3, 2:5, 2:19, 2:20, 3:11,

3:15, 3:18, 3:21, 4:1,
4:7, 4:9, 4:12, 4:14,
5:10, 6:1, 6:4, 6:8,
6:13, 6:16, 6:19, 7:1,
7:8, 7:9, 8:21, 9:16,
11:3, 11:15, 11:17,
12:19, 13:8, 13:11,
13:13, 13:15, 13:17,
13:22, 14:2, 15:9,
15:12, 15:16, 15:20,
16:1, 16:17, 17:4,
17:18, 18:1, 18:4,
21:20, 21:23, 22:1,
22:12, 22:15
   **Courthouse** - 1:11
   **credit** - 20:15
   **crime** - 12:9, 16:3,
16:9, 18:14
   **crime-producing** -
12:9
   **crimes** - 17:5
   **criminal** - 5:2, 8:7,
9:25, 10:16, 11:14,
12:20, 12:22, 15:10,
21:13
   **Criminal** - 1:5
   **Cronk** - 1:17, 2:2,
2:8, 2:9, 2:11, 3:18,
3:20, 4:6, 4:12, 4:13,
5:6, 7:1, 7:3, 7:16,
11:17, 11:19, 13:4,
14:2, 14:3, 22:8,
22:10
   **crying** - 16:6
   **cured** - 17:11
   **curfew** - 21:18
   **curiosity** - 14:11
   **custody** - 18:5,
18:10, 20:5, 22:2
   **cut** - 8:8
   **cutouts** - 19:22

## D

**dangerous** - 15:2
**Daniel** - 1:6, 2:4,
18:5
   **Dated** - 23:13
   **daughter** - 12:5,
14:21, 16:3
**Davenport** - 1:2,
1:11, 1:19, 5:22,
23:13
   **days** - 2:14, 3:12,
20:8, 22:6
   **December** - 4:5
   **decline** - 13:2
   **deemed** - 19:22
**Defendant** - 1:7,
1:20, 3:3, 3:7, 3:14,
3:17, 4:11, 6:7, 6:10,
6:14, 6:18, 6:22,
13:16, 13:24
   **defendant** - 2:5,
2:15, 4:23, 7:5, 7:7,
7:11, 7:17, 7:20,
8:14, 10:3, 12:18,
14:5, 16:7, 16:21,
17:5, 17:10, 17:24,
18:4, 18:8, 18:11
   **defendant's** - 4:18,
11:19, 14:3
   **defendants** - 17:21
   **delivery** - 22:3
   **denial** - 8:3
   **denied** - 9:8, 9:10,
9:18
   **deny** - 7:8, 9:22

**depart** - 12:17, 13:2
**department** - 8:15
**departure** - 4:19,
5:9, 10:3, 11:18,
12:19, 12:23, 12:25,
13:7
   **depression** - 16:4
   **derived** - 18:22
   **destroyed** - 5:22,
7:7, 8:25
   **destructive** - 18:15
   **deter** - 17:3
   **determined** - 19:13
   **determining** -
16:18
   **device** - 18:15,
21:1, 21:6
   **died** - 11:9
   **different** - 16:12
   **direct** - 4:2
   **directed** - 19:9,
19:10, 20:7
   **direction** - 23:6
   **disclosure** - 2:12,
3:13
   **discretion** - 13:2
   **discussion** - 2:24,
12:23
   **dismiss** - 22:11
   **dismissed** - 22:12
   **disparities** - 17:21
   **dispute** - 4:15, 5:3
   **District** - 1:1, 22:2
   **district** - 18:12
   **Division** - 1:2
   **documentation** -
19:18
   **done** - 22:7
   **down** - 6:5, 23:6
   **downward** - 4:19,
10:3, 11:18, 12:17,
12:19, 12:23, 13:7
   **draft** - 2:12, 2:14
   **drive** - 14:14
   **drove** - 14:6
   **due** - 21:25
   **duration** - 21:19

## E

**East** - 1:18
**egbers** - 1:13, 1:25,
23:17
   **either** - 5:3, 13:25,
22:7
   **Either** - 14:25
   **either/or** - 14:1
   **ejaculated** - 11:22
   **electronic** - 20:10,
21:19
   **eliminated** - 12:9
   **elsewhere** - 21:4
   **emotional** - 10:22,
10:24
   **employed** - 23:10,
23:11
   **employee** - 23:11
   **employment** - 21:8,
21:16
   **end** - 11:3, 11:15
   **enforcement** -
19:7, 19:16, 20:19
   **engage** - 11:25,
15:14
   **engaged** - 14:5,
14:12, 20:17
   **enhanced** - 9:9
   **enhancement** -

9:18
   **enter** - 19:24, 20:1
   **entered** - 21:22
   **entering** - 14:15
   **entertainment** -
20:2
   **entire** - 19:11
   **entitled** - 3:12, 7:15
   **entry** - 22:6
   **envision** - 7:9
   **erotica** - 19:24
   **error** - 4:2
   **essential** - 18:3
   **established** - 5:11,
17:14
   **establishments** -
18:21
   **evening** - 8:13
   **evidence** - 7:7,
7:23, 8:12, 10:22,
19:2
   **evil** - 14:9
   **except** - 9:19, 12:8
   **exercise** - 13:2
   **exhibit** - 17:16
   **existence** - 8:25,
9:9
   **experience** - 7:14,
12:11
   **experienced** - 16:4
   **Expires** - 23:19
   **explained** - 7:20
   **exploitation** - 20:18
   **extensive** - 17:16
   **extraordinary** - 7:4,
7:13, 9:19, 10:14

## F

**fact** - 7:7, 8:17,
10:7, 10:16, 10:18,
10:19, 12:4, 12:8,
14:24, 15:11
   **factor** - 17:19
   **facts** - 5:25, 13:1
   **Facts** - 14:3
   **factual** - 3:18, 3:22
   **factually** - 4:15
   **Failure** - 19:3
   **families** - 13:17
   **family** - 10:18, 13:9,
13:17, 14:24, 15:1,
15:17, 16:6, 16:7,
16:12, 20:20
   **fast** - 16:11
   **Faurote** - 1:13, 1:25,
23:17
   **Faurote-egbers** -
1:13, 1:25, 23:17
   **Fbi** - 8:4
   **fear** - 16:4, 16:7
   **February** - 4:4
   **federal** - 18:14,
20:19
   **Federal** - 1:11
   **feelings** - 16:2,
16:12
   **felt** - 14:20
   **filed** - 2:7, 10:3,
22:5
   **film** - 5:22
   **final** - 2:12, 2:14,
3:13, 13:12
   **financial** - 20:14
   **financially** - 23:11
   **fine** - 21:24
   **firearm** - 18:15
   **first** - 13:19

**five** - 18:9
**flve** - 5:19, 5:20,
10:10
   **follow** - 19:8, 20:6
   **following** - 18:18
   **foregoing** - 23:5,
23:7
   **form** - 19:20
   **forth** - 10:22, 18:17,
21:21
   **four** - 3:2
   **Fourth** - 1:18
   **Fronczak** - 1:6, 2:4,
2:21, 2:25, 3:1, 3:11,
4:9, 4:18, 5:2, 6:4,
8:16, 8:23, 13:4,
13:13, 14:23, 18:5
   **Fronczak's** - 15:10
   **full** - 5:15
   **fully** - 21:21
   **function** - 20:1
   **Fund** - 20:15
   **future** - 15:11

## G

**genuine** - 7:11
**girl** - 5:19, 5:21,
10:9, 10:20, 14:6,
15:1, 15:8
   **girlfriend** - 15:6
   **girls** - 12:13, 12:14,
15:13, 16:15
   **given** - 23:7
   **government** - 2:8,
9:1, 10:23
   **grief** - 16:4
   **Gritzner** - 5:16
   **grounds** - 12:18,
12:23, 19:3
   **guess** - 5:17,
10:14, 14:1
   **Guideline** - 9:17,
10:1, 11:3, 11:16,
12:6, 17:23, 17:25
   **Guidelines** - 11:6,
12:16, 17:15, 17:18,
18:2
   **guilt** - 16:4
   **guilty** - 2:6, 4:23,
5:16, 17:22
   **guy** - 6:20

## H

**harm** - 10:24, 12:24
**harmless** - 14:8
**hear** - 6:21, 10:4,
13:3
   **heard** - 11:20
   **held** - 1:10, 2:24
   **helped** - 11:10
   **hereby** - 18:5, 23:4
   **hereto** - 23:11
   **high** - 15:5
   **highly** - 14:5
   **himself** - 9:4
   **history** - 5:2, 9:25,
10:16, 12:20, 16:21
   **home** - 14:6, 21:4
   **honest** - 6:21
   **Honor** - 2:2, 2:11,
3:14, 3:17, 6:7, 6:18,
7:3, 7:16, 11:20,
12:18, 13:16, 14:1,
15:15, 15:19, 22:11
   **Honorable** - 1:10
   **horrifying** - 16:22

**hotel** - 5:22, 10:12
**hours** - 18:10

## I

**Ia** - 1:19
**identified** - 3:22
**identify** - 15:21
**Iii** - 1:17
**II** - 1:22
**Illinois** - 10:12
**images** - 9:3
**imagine** - 14:20
**immediate** - 22:4
**immediately** -
14:15, 22:1
   **impact** - 11:11,
14:24, 15:1, 16:9
   **Impact** - 15:25
   **impede** - 9:13
   **important** - 6:13,
17:18
   **imposed** - 2:10,
13:5
   **imposes** - 13:15
   **imprisonment** -
10:1, 17:2, 18:8
   **inaccuracies** -
3:19, 3:23
   **inappropriate** -
19:23
   **including** - 19:7,
19:21, 20:14, 21:8
   **income** - 20:15
   **incriminating** -
8:10
   **indicated** - 7:5,
10:19
   **indicted** - 7:21
   **Indictment** - 2:6,
18:7, 22:9
   **induced** - 14:11
   **Information** - 7:6,
8:10, 19:15
   **initial** - 11:6
   **injured** - 11:23
   **injuries** - 10:22
   **injury** - 11:9
   **instance** - 12:12
   **intended** - 9:13
   **intentions** - 14:9
   **intercourse** - 8:4,
11:20, 11:25
   **interest** - 4:24,
4:25, 22:1
   **interested** - 23:11
   **Internet** - 10:10,
14:7, 15:14, 21:7,
21:8
   **interposed** - 23:7
   **intoxicants** - 18:20
   **investigation** - 9:6,
9:11, 9:13
   **invoked** - 19:6
   **involved** - 15:5,
5:16, 19:16
   **Iowa** - 1:11, 1:11,
1:14, 15:8, 22:2,
23:4, 23:13
   **island** - 1:22
   **issue** - 11:17
   **issues** - 5:18

## J

**Jack** - 1:20, 2:8
**Jarvey** - 1:11
**job** - 16:6

John- 1:10
Jr- 1:6
Judge- 2:22, 2:25, 3:10, 3:24, 4:8, 5:4, 5:14, 5:16, 5:24, 8:23, 9:15, 10:6, 11:13, 13:6, 22:14
judge - 16:8
judgment - 18:4
Judgment- 21:21, 22:5, 22:6
July- 1:12, 2:7, 22:16
June- 4:18, 10:3
justice - 4:25

**K**

keeping - 17:9
Kelsey- 16:12
Kelsey's- 13:17
kind - 6:2, 10:23, 17:3, 17:13, 19:22
knowing - 14:19, 14:20
known - 12:11, 13:21, 20:18
knows - 17:1

**L**

lack - 10:15, 10:16
large - 17:7
last - 13:19
latest - 22:7
Law- 1:21
law - 13:1, 19:7, 19:16, 20:19
laws - 19:19
lawyer - 7:11
legally - 2:16
lengthy - 12:9, 12:15
letters - 4:17, 10:17, 13:9
level - 5:2, 9:25
life - 11:7
likelihood - 15:10
Linda- 1:12, 1:25, 23:17
lines - 10:13
local - 18:14, 20:18
location - 19:24, 20:1, 21:8
locations - 21:14
Lodmell- 15:18, 15:22, 16:2
look - 6:4
Look- 6:8
looking - 8:6, 11:7, 12:7
looks - 17:18
lost - 16:5
Lucy- 15:23
lunacy - 16:23
lure - 14:6, 15:13, 16:24

**M**

magazines - 19:22
mail - 21:15
man - 12:5, 12:6, 16:14
mandatory - 17:15
mangled - 8:8
manipulative - 14:5
manner - 19:1,
21:13
marked - 16:2
Marshal's - 19:7, 22:3
material - 19:21
matter - 2:3, 21:15, 21:22, 23:5
matters - 4:15
mean - 5:24, 11:9
meaning - 11:21
means - 17:1
meet - 10:10, 14:14
met - 5:19, 5:20, 10:10
microphone - 6:5
middle - 18:2
mind - 7:22, 16:11
minimal - 11:14
minimum - 11:4, 13:20
minors - 20:18
minute - 2:24
Miss - 8:12
mistake - 10:25, 11:1
modem - 21:6, 21:12
molesters - 12:12
Moline - 5:20, 14:13
monitoring - 19:17, 21:19
months - 10:2, 15:7, 18:6
morning - 2:2
most - 4:17
motel - 4:4, 14:15
mother - 15:24
Motion - 4:19, 10:3, 10:4
Motions - 22:8
mouth - 6:6
move - 22:11
moved - 14:8
Muscatine - 5:21, 10:11, 14:14, 14:21

**N**

naked - 14:16
nature - 9:5, 9:20, 10:9, 10:19, 16:20
necessarily - 2:15
need - 14:10, 17:4, 17:20
network - 21:6, 21:11
never - 7:20, 9:8, 9:10, 9:12, 9:13, 11:2, 13:19, 13:21
night - 8:14, 14:18
None - 3:20
none - 3:24
Notarial - 23:18
Notary - 1:13, 23:17
Note - 9:16
note - 4:20, 5:5, 7:4
Nothing - 22:14
nothing - 10:20
notice - 2:19
notify - 21:14
November - 2:5
number - 4:17
Number- 23:18
numbness - 16:5
numerous - 10:17

**O**

objection - 5:4
objections - 23:7
obstruction - 7:10, 9:18, 9:20
obtain - 20:3, 21:15
obvious - 9:2
obviously - 4:2
occur - 11:2
occurred - 9:12, 11:11
off-the-record - 2:24
offender - 19:9, 19:12, 19:19
offense - 4:24, 5:2, 5:10, 9:25, 16:20, 16:22
office - 4:3, 7:5, 8:20, 18:11, 18:24, 19:9, 19:11, 19:13, 19:23, 20:4, 20:8, 20:11, 20:25, 21:5, 21:9, 21:11, 21:14
Office- 6:2, 15:23
officer - 9:21, 20:14, 20:21, 21:2
Officer- 18:25
officials - 19:16
old - 3:3, 3:4, 3:6, 13:21, 14:5, 15:7
older - 12:6
once - 7:24
one - 2:22, 3:1, 3:21, 4:1, 11:5
online - 5:19
options - 17:8
Order- 21:21
order - 2:15, 20:12
ordered - 21:24
ordinarily - 9:17, 10:1
oriented - 19:21
originally - 7:17, 8:23
overheard - 8:15
overpresents - 12:20
own - 13:14

**P**

page - 3:2, 13:19
paragraph - 9:24
Paragraph - 3:2, 4:1, 6:4, 7:4, 9:22, 9:24
parents - 14:18
partially - 13:6
participate - 18:18, 19:8, 20:6, 21:18
parties - 23:10, 23:11
patronize - 18:21
pay - 19:11, 19:14, 21:24
payable - 21:25
Pennsylvania - 13:10, 14:13
people - 17:10, 17:11
percent - 18:21
performed - 11:12
period - 2:13, 12:7
permission - 20:20
person - 18:11, 18:23
persons - 21:17
persuaded - 17:11
phone - 8:15, 20:15
physical - 11:8
physically - 11:23
picked - 10:11
placed - 18:9
plainly - 6:24
Plaintiff - 1:4, 1:17
plan - 14:13
played - 14:10
Plea - 4:21, 4:22, 4:24, 22:10
plea - 2:6
pled - 4:23, 5:14, 5:16
plus - 18:18
podium - 15:20
point - 8:9
points - 9:22
police - 8:13, 8:14
polygraph - 19:10, 19:12
pornography - 7:24, 19:20, 19:22, 19:24
possess - 18:14, 18:15, 19:20, 21:1, 21:3, 21:5
preferring - 12:13
prejudice - 2:16
premise - 10:21
prepared - 3:1, 3:9, 3:24
present - 2:7, 15:24
Presentence- 2:13, 3:13, 3:19, 4:14, 4:16, 4:21, 5:1, 6:5, 9:22, 12:2, 15:3, 17:6
preteen - 12:13
prey - 15:7
primary - 19:25, 20:1
prison - 12:7, 12:15
Prisons - 18:6, 18:10, 20:6, 22:3
Probation - 18:25
probation - 4:3, 5:6, 7:5, 8:20, 9:21, 18:11, 19:9, 19:11, 19:13, 19:23, 20:4, 20:8, 20:11, 20:14, 20:20, 20:21, 20:25, 21:2, 21:5, 21:9, 21:10, 21:14
problem - 11:5, 17:11, 17:12
proceed - 2:16, 2:17, 3:9, 3:15, 3:25
proceeded - 9:12
Proceedings - 1:7, 1:10, 22:16, 23:7
proceedings - 23:5, 23:10
proclivities - 12:14
produce - 9:2
producing - 12:9
product - 19:25
production - 7:23
professionals - 19:16
profound - 15:1
program - 18:19, 20:5, 20:7, 21:18
progress - 14:7
promised - 15:11
promote - 17:17
proponent - 5:11
prosecution - 7:10
protect - 17:4
proud - 6:11
provide - 20:1, 20:13
provisions - 16:17
Psi - 9:6, 10:20, 11:6, 13:19
psychological - 11:11
public - 4:24, 17:5
Public - 1:13, 23:17
pull - 6:5
punishment - 16:25, 17:1
purchase - 19:25
pursuant - 13:1, 19:5
Pursuant - 16:17, 22:10
pursuing - 7:23
put - 2:18, 6:24, 9:14, 10:22

**Q**

Quad- 5:20, 10:11
questions - 9:14
quickly - 9:2, 14:8

**R**

raised - 2:11
range - 10:2, 17:14, 17:25
reactions - 16:3
read - 5:5, 11:19, 14:6, 15:3, 15:25
reading - 17:6
real - 10:7
realized - 8:10, 14:19
really - 5:18
reason - 2:9, 2:18, 10:14
reasonable - 17:25, 18:25, 19:1
recant - 7:5
recantation - 8:19
recanting - 9:20
receive - 21:15
received - 4:16, 4:17, 4:18
recess - 22:15
recollections - 11:24
record - 2:24, 11:13, 11:14, 15:21, 23:7
recorded - 8:7
recording - 21:1
records - 17:21, 20:11, 20:14
recover - 11:10
reduced - 23:6
reduction - 5:7, 6:3
reductions - 11:7
reference - 14:22, 14:24
refinement - 17:16
reflects - 4:23
refrain - 20:17
regard - 5:13, 13:7
rehabilitation - 12:12
related - 20:9, 23:10
relations - 15:14
relationships -

15:4
relative - 12:24, 23:11
relatives - 10:18
release - 18:8, 18:9, 18:10, 18:13, 18:17, 19:2
released - 18:12, 20:4
releases - 19:15
relevance - 12:4
remanded - 22:2
remedies - 10:15
remorse - 7:11
rent - 14:13
rented - 14:15
report - 3:23, 14:23, 18:11, 23:5
Report- 2:13, 3:13, 3:19, 4:14, 4:16, 4:21, 5:1, 6:5, 9:22, 12:3, 15:3, 17:6
reported - 1:12
Reported- 1:24
Reporter- 1:13, 1:25, 23:4, 23:5, 23:16
reports - 11:24
representative - 13:5, 15:16
represented - 2:7, 2:8
request - 5:12, 11:18, 11:19, 13:7
requested - 20:11
requests - 6:1
requires - 2:13
reside - 19:19, 20:6
residence - 18:23, 19:5
residences - 20:3
residents - 19:4
respect - 22:8
responsibility - 5:7, 5:12, 5:15, 5:17, 5:24, 6:11, 6:15, 6:17, 7:8, 7:12, 9:17, 9:23, 13:18
responsible - 20:23
resulted - 8:11
return - 16:7
returns - 20:15
revenue - 18:22
review - 4:20
reviewed - 4:16
revocation - 19:4
rewarded - 14:11
Rock- 1:22
romantically - 15:5
room - 4:4, 7:25, 14:15, 14:16
rule - 2:12, 2:15
rules - 19:8, 20:6
rulings - 23:8

**S**

sad - 16:5
sale - 18:22
savings - 20:16
saw - 8:4
scared - 16:5
school - 15:5
Schwartz - 1:20, 2:8, 2:20, 2:22, 2:25, 3:5, 3:8, 3:21, 3:24, 4:7, 4:8, 5:1, 5:4, 5:14, 8:21, 8:23,

10:4, 10:6, 13:3, 13:5, 13:6, 22:12, 22:14
scores - 5:1
Seal - 23:18
search - 4:4, 18:23, 19:3
searches - 19:5
seated - 2:1
second - 6:8, 6:16, 9:21, 9:24
Section - 16:18
see - 12:4, 12:8, 15:3
seeking - 12:13
sense - 4:5
sentence - 2:9, 6:8, 6:16, 9:21, 9:24, 11:3, 11:4, 11:16, 12:6, 12:10, 12:15, 13:5, 13:12, 13:15, 13:20, 16:19, 17:2, 17:6, 17:13, 18:2
sentenced - 18:5
Sentencing - 11:6, 17:14, 17:25, 18:17
sentencing - 3:9, 3:12, 3:15, 10:15, 11:15, 17:8, 17:14, 17:17, 17:21, 17:23, 18:3
serious - 11:1
seriousness - 4:23, 22:21, 16:22
Services- 19:7, 22:3
services - 20:10
serving - 12:14
set - 3:12, 10:7, 18:17, 21:21
setting - 13:12
several - 15:7, 16:2
sex - 13:25, 16:15, 19:8, 19:12, 19:19, 20:9
sex-related - 20:9
Sexual - 11:20
sexual - 7:18, 8:2, 8:3, 8:24, 9:5, 9:7, 10:9, 11:15, 15:14
sexually - 19:20, 19:21
shall - 18:8, 18:11, 18:13, 18:14, 18:15, 18:16, 18:18, 18:20, 19:4, 19:8, 19:9, 19:11, 19:15, 19:18, 19:20, 19:24, 19:25, 20:3, 20:6, 20:9, 20:10, 20:13, 20:17, 20:19, 20:22, 21:3, 21:11, 21:14, 21:18, 21:25, 22:5
share - 19:18
Shorthand - 1:13, 1:25, 23:4, 23:5, 23:16
Show- 6:14
show - 6:16
shows - 7:11, 17:6
shredded - 8:8, 8:17, 8:18
sign - 19:15
significant - 15:4
similar - 17:21, 17:22
simply - 12:7, 12:22, 15:2
sincere - 11:1

singularly - 17:19
someone - 12:13, 12:22
sometime - 7:20
somewhere - 14:21
sophisticated - 16:24
sorry - 9:23, 14:8
sort - 10:21
Southern - 1:1, 22:2
special - 18:18, 21:24
Specialist - 15:23
spend - 14:12
spent - 8:13, 14:18
spite - 15:11
spoken - 2:25, 13:6
spot - 15:20
staff - 19:23
standard - 18:16
started - 11:25
State - 1:14, 23:4
state - 9:14, 10:13, 18:14, 19:19
Statsit- 15:25
statement - 8:1, 12:2
statements - 7:6, 7:18, 8:19, 9:20, 20:15
States - 1:1, 1:3, 1:17, 2:4, 16:18, 18:25
status - 20:24
statute - 2:13
stenotype - 23:6
step - 9:11
still - 7:14
stimulating - 19:21
Stipulation - 14:3
stood - 5:15
stop - 12:1
Street - 1:18
stress - 16:7
stretched - 8:8
strip - 14:16
strongly - 17:20
structures - 18:24
study - 17:16
subject - 19:5
submit - 18:23, 19:3, 19:10, 20:11
submitted - 10:17
substance - 16:16, 18:19
successful - 12:11
Sue - 15:18, 15:22, 16:2
suffered - 10:20, 10:21, 10:24
sufficient - 18:3
suggests - 7:8, 10:20
Suite - 1:22
superseding - 2:6, 18:7, 22:9
supervised - 18:9, 18:13, 18:17
supervising - 21:16
supervision - 20:13, 20:24, 21:13, 21:19, 21:20, 23:6
support - 4:17
supported - 12:17
suspicion - 19:1
sweetheart - 15:5
system - 17:23,

21:10
systems - 21:7, 21:11

**T**

tape - 8:5, 8:7, 8:18, 8:25, 9:3, 9:9, 9:10, 9:11
tax - 20:15
teen - 12:14
teen-age - 12:14
telephone - 20:9
ten - 2:12, 2:13, 2:14, 3:12, 22:5
ten-day - 2:12, 2:13
term - 18:6, 18:9, 21:20
terms - 10:15
terror - 14:20
testimony - 23:7
testing - 18:19, 19:10, 19:12
thereon - 23:8
thinking - 6:19, 6:20
Third- 1:21
Thursday- 21:22, 22:7
Title- 16:18
today - 2:16, 3:9, 3:16, 21:22, 22:7
together - 9:19, 14:18
top - 18:2
torn - 8:8
total - 5:2
Transcript- 1:6, 1:10, 23:7
Transcription- 23:6
transporting - 10:12
travel - 14:13
treatment - 17:9, 18:19, 19:9, 19:12, 19:17, 19:23
tried - 9:1
trouble - 16:5
true - 23:7
trusting - 16:9
truth - 6:10, 6:12, 6:22, 6:24
type - 21:1
typographical - 4:2

**U**

uncommon - 7:14
uncontrolled - 16:6
under - 7:15, 12:25, 20:22, 21:17, 23:6
underaged - 14:4
undersigned - 23:4
underwent - 10:23
unique - 10:7
United - 1:1, 1:3, 1:17, 2:3, 16:18, 18:24
unknown - 20:18
unless - 20:23
unwarranted - 17:20
up - 10:11, 20:8
utilize - 20:9

**V**

variance - 5:8

vehicle - 18:24, 19:5
verify - 20:11, 20:12, 20:21
versus - 2:4
Victim - 15:22, 15:25
victim - 7:18, 7:24, 8:12, 9:5, 9:7, 10:18, 11:23, 11:25, 12:24, 14:4, 15:24, 20:19
victim's - 13:4, 15:16, 20:20
Victims - 21:25
video - 9:1, 21:1
videos - 19:22
videotape - 7:19, 8:4, 8:17, 14:16
videotaped - 7:21, 8:1, 9:4
videotaping - 8:3
view - 19:20
viewing - 19:25
violation - 19:2, 21:12
visit - 2:21
volunteer - 21:16
vs - 1:5

**W**

waive - 2:15, 3:1
wants - 3:5
warn - 19:4
warrants - 6:2
websites - 20:10
willing - 6:14
wireless - 21:6, 21:12
wish - 3:15
Witness - 15:23
women - 15:4
wonder - 16:13
word - 4:16
worry - 16:10
writes - 16:9
written - 17:10, 21:4, 22:6

**Y**

years - 3:3, 3:4, 3:6, 12:9, 14:4, 15:7, 18:9
yields - 10:1
young - 12:5, 12:13, 14:6, 15:13
yourself - 15:21